# EXHIBIT A



January 9, 2018

U.S. Department of Homeland Security
Privacy Office
245 Murray Drive SW, Building 410
STOP-0655
Washington, D.C. 20528-0655
Fax: 703-235-0443
E-mail: foia@hq.dhs.gov

U.S. Immigration and Customs Enforcement
800 North Capitol Street, N.W.
5th Floor, Suite 585
Washington, D.C. 20536-5009
Fax: 202-732-0310
E-mail: ice-foia@dhs.gov

**RE:    Request under the Freedom of Information Act**
    *Fee Waiver Requested*

Dear Sir or Madam:

This letter constitutes a request for records made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of the ACLU of Southern California (hereinafter "Requestor").

Requestor seeks all reports and audits prepared by the Detention Standards Implementation Initiative of the American Bar Association's ("ABA") Commission on Immigration from 2008 to present. The ABA has undertaken the Detention Standards Implementation Initiative to inspect and provide reporting on Immigration and Customs Enforcement ("ICE") facilities detaining immigrants, including asylum seekers. *See* ABA Commission on Immigration, Detention Standards Implementation Initiative, http://www.americanbar.org/groups/public_services/ immigration/projects_initiatives/detention_standards_implementation_initiative.html. The ABA tours facilities and prepares reports to share with ICE regarding compliance with the detention standards applicable at each facility.

Since 2001, the ABA has conducted inspections and prepared reports regarding immigration detention centers across the country. ICE has made public the ABA's reports from the period 2001-2008 in its FOIA library. *See* https://www.ice.gov/foia/library. However, ICE has not made public any reports subsequently issued by the ABA since this period, despite the fact that the ABA has continued to conduct inspections and issue reports in the past decade. For example, in

approximately 2014, the ABA completed a report regarding the Adelanto Detention Facility, a contract detention center operated by GEO Group ("GEO") in Adelanto, California, but the report has never been made public.

Through this request, Requestor seeks to inform the public on a matter of great public concern— the treatment of immigrants, including asylum seekers, in the care and custody of the federal government. The detention standards govern the treatment of immigrants while in immigration custody. The public should have access to the results of the ABA's independent reporting on detention facilities and their adherence to these detention standards.

ICE has already recognized the public's interest in the ABA's reports by posting reports from 2001-2008 to its FOIA library. The public's interest in the treatment of immigrants in detention has only grown since this time. News media reporting and government inspections have documented widespread violations' of detainees' rights and detention centers' failure to comply with the detention standards. *See, e.g*., Paloma Esquivel, *'We don't feel OK here': Detainee deaths, suicide attempts and hunger strikes plague California immigration facility*, L.A. Times (Aug. 8, 2017), http://www.latimes.com/local/lanow/la-me-ln-adelanto-detention-20170808-story.html; DHS OIG, Management Alert on Issues Requiring Immediate Action at the Theo Lacy Facility in Orange, California (OIG-17-43-MA), https://www.oig.dhs.gov/ sites/default/files/ assets/Mga/2017/oig-mga-030617.pdf (Mar. 6, 2017). In several cases, the failure to comply with detention standards has led to a detainee's tragic death. *See, e.g.,* CBS Los Angeles, *Exclusive: Report Blames Detainee's Death On Immigration Center's Medical Staff* (Feb. 24, 2014), http://losangeles.cbslocal.com/2014/02/24/exclusive-report-blames-detainees-death-on-immigration-centers-medical-staff/; ICE Office of Detention Oversight, Compliance Inspection, Adelanto Correctional Facility, http://www.ice.gov/doclib/foia/odo-compliance-inspections/adelantoCorrectionalFac_Adelanto-CA-Sept_18-20-2012.pdf. This widespread media coverage and government reporting demonstrates the public's intense interest in the treatment of immigrants in detention.

Because the ABA's report concerns a critical function of the government on a matter of significant public interest and concern, FOIA mandates its disclosure. *See* 5 U.S.C. § 552.

**REQUESTORS**

The **ACLU of Southern California (ACLU SoCal)** is a non-profit organization dedicated to defending and securing the rights granted by the U.S. Constitution and Bill of Rights. ACLU SoCal's work focuses on immigrants' rights, the First Amendment, equal protection, due process, privacy, and furthering civil rights for disadvantaged groups. As part of its work, ACLU SoCal monitors conditions in detention centers, including the Adelanto Detention Facility. ACLU SoCal disseminates information to the public through its website and social media platforms, "Know Your Rights" documents, and other educational and informational materials. The ACLU SoCal regularly submits FOIA requests to DHS and other agencies – including, for example, on ICE's policies and practices for worksite immigration enforcement, and USCIS's policies and practices for the adjudication of naturalization applications – and publicizes the information it obtains through its website, newsletters and "Know Your Rights" presentations and materials.



ACLU

AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA

FOUNDATION

LIBERTY | JUSTICE | EQUALITY

**REQUEST**

We seek disclosure of any and all records[1] relating to or concerning[2] inspections, audits and reports by the Detention Standards Implementation Initiative of the ABA's Commission on Immigration of immigration detention centers from 2008 to present, including but not limited to any drafts of reports or audits, and any response or communication by ICE or a contractor operating a facility regarding a draft or final report or audit prepared by the ABA.

Requestor asks that any records that exist in electronic form be provided in electronic format on a compact disc.

**LIMITATION OR WAIVER OF SEARCH AND REVIEW FEES**

We request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . educational or noncommercial scientific institution . . . or a representative of the news media") and 6 C.F.R. § 5.11(d)(1) (search fees shall not be charged to "representatives of the news media").

The information sought in this request is not sought for a commercial purpose. The Requestor is a non-profit organization that intends to disseminate the information gathered by this request to the public at no cost, including through the Requestor's website and social media. The ACLU SoCal regularly disseminates information to its members through action alerts, emails and newsletters (the ACLU SoCal has more than 28,000 members and, nationwide, the ACLU has more than 500,000 members). *See* http://www.aclusocal.org/about/. Requestor may also compile a report or other publication on the government's treatment of immigrants based on information gathered through this FOIA. Requestor has repeatedly used information gathered through FOIA to disseminate information to the public through such forums. *See, e.g.,* http://www.aclu.org/immigrants-rights/immigrant-detainee-rights-are-routinely-systematically-violated-new-report-finds (ACLU SoCal report based on documents disclosed through FOIA). *See also* http://www.aclusocal.org/about/report-directory/ (compiling recent ACLU SoCal reports).

The "term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw

---

[1] The term "records" as used herein includes but is not limited to all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, faxes, files, e-mails, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training manuals, or studies.

[2] The term "concerning" means referring to, describing, evidencing, commenting on, responding to, showing, analyzing, reflecting, or constituting.

materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii). The statutory definition does not require that the requestor be a member of the traditional media. As long as the requestor meets the definition in any aspect of its work, it qualifies for limitation of fees under this section of the statute.

Requestor qualifies as a "representative of the news media" under the statutory definition, because it routinely gathers information of interest to the public, uses editorial skills to turn it into distinct work, and distributes that work to the public. *See Electronic Privacy Information Center v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003) (non-profit organization that gathered information and published it in newsletters and otherwise for general distribution qualified as representative of news media for purpose of limiting fees). Courts have reaffirmed that non-profit requestors who are not traditional news media outlets can qualify as representatives of the new media for the purposes of the FOIA, including after the 2007 amendments to the FOIA. *See ACLU of Washington v. U.S. Dep't of Justice*, No. C09-0642RSL, 2011 WL 887731, at *18 (D. Wash. Mar. 10, 2011) (finding that the ACLU qualifies as a "representative of the news media"). Accordingly, any fees charged must be limited to duplication costs.

**WAIVER OR REDUCTION OF ALL COSTS**

We request a waiver or reduction of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester"); *see also* 6 C.F.R. § 5.11(k).

The public interest fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters." *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987). The Requestor need not demonstrate that the records would contain evidence of misconduct. Instead, the question is whether the requested information is likely to contribute significantly to public understanding of the operations or activities of the government, good or bad. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003).

Disclosure of the information and report sought is in the public interest and will contribute significantly to the public's understanding of the treatment of immigrants while in immigration custody. As noted above, there was a recent death at the Adelanto Detention Facility, as well as other complaints regarding the medical treatment provided at the facility. The information sought will be critical to further inform the public regarding the treatment of detained immigrants, and whether ICE and GEO are meeting their obligations under the Detention Standards.

The requested records relate directly to the operations or activities of the government that potentially impact fundamental rights and freedoms. The records are not sought for commercial use, and the Requestor plans to disseminate the information disclosed through print and other media to the public at no cost. As demonstrated above, the Requestor has both the intent and ability to convey any information obtained through this request to the public.



Page 5

The Requestor states "with reasonable specificity that [their] request pertains to operations of the government," and "the informative value of a request depends not on there being certainty of what the documents will reveal, but rather on the requesting party having explained with reasonable specificity how those documents would increase public knowledge of the functions of the government." *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Health and Human Services*, 481 F. Supp. 2d 99, 107-109 (D.D.C. 2006).

In the event a waiver or reduction of costs is denied, please notify me in advance if the anticipated costs exceed $100.

**CONCLUSION**

We look forward to your reply to the records request within twenty (20) business days, as required under 5 U.S.C. § 552(a)(6)(A)(I).

Please contact Michael Kaufman at (213) 977-5232 with any questions. Please supply all records to:

Michael Kaufman
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017

Thank you for your prompt attention.

Sincerely,

Michael Kaufman
Senior Staff Attorney
ACLU of Southern California

